UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY Q. GILMORE           :
                           :
      Plaintiff,           :
                           :
v.                         : CASE No. 8:11-CV-1454-T-23TGW
                           :
NATIONAL POSTAL MAIL       :
HANDLER UNION AND          :
NATIONAL POST MAIL         :
HANDLERS UNION LOCAL 318   :
                           :
      Defendant.           :

---

## ORDER

THIS CAUSE came on for consideration upon Local 318's Motion to Tax Costs (Doc. 113), Local 318's Bill of Costs (Doc. 114), and the Motion to Tax Costs by National Postal Mail Handlers Union (Doc. 117). The defendants seek reimbursement for costs related to the plaintiff's deposition, photocopying, service of process, and the mediator's fee (id.). The plaintiff opposes the motions (Doc. 121).

Pursuant to Rule 54(d)(1), F.R. Civ. P., costs "should be allowed to the prevailing party." However, the Supreme Court has emphasized that Rule 54(d) does not permit "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Rather, costs awarded under this rule are limited to the list of items set forth in 28 U.S.C. 1920 and related statutes. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In this case, the defendants prevailed on summary judgment (Doc. 111), and judgment was entered accordingly (Doc. 112). Therefore, the defendants are prevailing parties and are entitled to an award of their costs.

Furthermore, except for the mediation fee, all of these expenses are reimburseable costs. Thus, costs related to the plaintiff's deposition are authorized by §1920(2), as her deposition testimony was necessary for resolution of the summary judgment motions. See United States Equal Employment Opportunity Commission v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). Further, the defendants' costs incurred in photocopying their motions for summary judgment are compensable under §1920(4), which

permits reimbursement for photocopying "necessarily obtained for use in the case." See id. at 623; Desisto College, Inc. v. Town of Howey-In-The-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1989), aff'd, 914 F.2d 267 (11th Cir. 1990). Additionally, fees for service of process are compensable under 28 U.S.C. 1920(1). See United States Equal Employment Opportunity Commission v. W&O, Inc., supra, 213 F.3d at 624. Significantly, the plaintiff does not argue in her opposition memorandum that any of these expenses are not reimburseable; rather, she merely attempts to rehash the merits of her case (and makes impertinent comments against the court) (Doc. 121).

On the other hand, the mediation fee does not fall within one of the categories enumerated in §1920. George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1300 (M.D. Fla. 2000); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., supra, 482 U.S. at 445 (a federal court is not empowered to exceed the limitations explicitly set out in 28 U.S.C. 1920 "without plain evidence of congressional intent to supersede those sections"). Further, neither defendant has shown that another statute applies under which this expense is compensable. Although the defendants make passing references to caselaw which discuss 42 U.S.C. 2000e-5(k) and 42 U.S.C. 1988 (Doc.

113, p. 2; Doc. 117, p. 2), the defendants have not shown that these fee statutes are applicable in this case. See Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1301 (11th Cir. 2007)(quoting Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1977))(§2000e-5k's fee provision applies to prevailing defendants in a Title VII case only when it is established that the plaintiff's claim was "frivolous, unreasonable, or without foundation"). Therefore, the mediation fee will be deducted from the requested costs.

It is, therefore, upon consideration

ORDERED:

1. That Local 318's Motion to Tax Costs (Doc. 113) and Local 318's Bill of Costs (Doc. 114) be, and the same are hereby, **GRANTED to the extent** that costs will be taxed in the amount of $1,245.68. Accordingly, the Clerk is **DIRECTED** to tax National Post Mail Handlers Union Local 318's costs against the plaintiff in the amount of **$1,245.68.**

2. That the Motion to Tax Costs by National Postal Mail Handlers Union (Doc. 117) be, and the same is hereby, **GRANTED to the extent** that costs will be taxed in the amount of $1,194.68. Accordingly, the

Clerk is **DIRECTED** to tax National Postal Mail Handler's Union costs against the plaintiff in the amount of **$1,194.68.**

DONE and ORDERED at Tampa, Florida, this 20th day of August, 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE